UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| STEVEN TRAINER, | : | Civil Action No.: 16-1576 (JLL) |
|---|---|---|
| Petitioner, | : | |
| v. | : | OPINION |
| PATRICK NOGAN, et al., | : | |
| Respondents. | : | |

**LINARES**, Chief District Judge:

Presently before the Court is the petition for a writ of *habeas corpus* of Steven Trainer ("Petitioner") brought pursuant to 28 U.S.C. § 2254 challenging Petitioner's state court conviction (ECF No. 1). Following the denial of their motion to dismiss the petition as time barred (*see* ECF Nos. 4-8), Respondents filed a response to the petition (ECF No. 9), to which Petitioner has replied. (ECF No. 16). For the following reasons, this Court will dismiss the petition without prejudice as unexhausted and will deny Petitioner a certificate of appealability.

**I. BACKGROUND**

On May 24, 2012, Petitioner, Steven Trainer, pled guilty pursuant to a plea agreement to two counts of second degree robbery in violation of N.J. Stat. Ann. § 2C:15-1 and one count of third degree theft by unlawful taking in violation of N.J. Stat. Ann. § 2C:20-3 in the Superior Court of New Jersey – Law Division, Bergen County. (Document 3 attached to ECF No. 9 at 1). Following his guilty plea, but before he was sentenced, Petitioner filed a *pro se* motion in which he sought to withdraw his guilty plea pursuant to *State v. Slater*, 198 N.J. 145 (2009) (motions to

withdraw a guilty plea can be granted only where warranted by a balancing of four factors – whether a colorable claim of innocence has been made, the nature and strength of the reason for withdrawal, the existence of a plea bargain, and whether withdrawal would cause undue prejudice to the state). (*See* Document 9 attached to ECF No. 9). The chief basis of Petitioner's motion to withdraw his plea was his assertion that his plea counsel had been constitutionally ineffective by failing to investigate Petitioner's criminal case, failing to file a motion to suppress Petitioner's statement to police, failing to file a motion to suppress evidence seized from Petitioner and his vehicle, and by failing to file a motion to dismiss certain counts of Plaintiff' indictment. (Document 5 attached to ECF No. 9 at 34-49).

On January 11, 2013, Petitioner's trial judge held a hearing on Petitioner's motion to withdraw his guilty plea.[1] (Document 9 attached to ECF No. 9). At that hearing, both Petitioner and his plea counsel testified. (*Id.*). At the hearing, Petitioner's counsel generally testified that he had had extensive meetings and discussions with Petitioner, that he had discussed the motions and investigated Petitioner's assertions and concluded that, while Petitioner's motions were not without merit, those motions were ultimately unlikely to succeed. (*Id.* at 77-86). Counsel further testified that he explained this to Petitioner, and recommended that they negotiate a plea deal. (*Id.*). Counsel also stated that while Petitioner at times was not interested in pursuing a plea prior to a decision on his motions, he ultimately agreed to the plea deal after counsel explained to him that the negotiated plea offer of a nine year sentence would be withdrawn if Petitioner insisted on having his motions ruled upon prior to the entry of a guilty plea. (*Id.*). Counsel ultimately therefore testified that Petitioner understood that his motions were unlikely to succeed and would

---

[1] Although Petitioner filed his motion *pro se*, he was appointed advisory counsel for the hearing on his motion, and both he and advisory counsel acted on his behalf in a hybrid fashion at the hearing. (*See* Document 9 attached to ECF No. 9).

2

result in the loss of a favorable plea deal, and thus chose to accept the plea rather than risk a considerably longer sentence after trial. (*Id.*).

Based on the testimony at the hearing, the trial judge issued a final decision denying Petitioner's motion to withdraw his guilty plea on the record on January 29, 2013. (Document 10 attached to ECF No. 9). In that decision, the trial court concluded that, based on plea counsel's highly credible testimony, there was no evidence of ineffective assistance of counsel as counsel had met with Petitioner extensively, advised him that it was in his best interests to plead guilty rather than pursue his motions, and that Petitioner had agreed with that course of action. (*Id.* at 6-27). Because the trial court found no ineffective assistance of counsel, the court in turn concluded that Petitioner had failed to show that any of the *Slater* factors weighed in favor of permitting him to withdraw his guilty plea, and thus denied Petitioner's motion. (*Id.*). The Court thereafter sentenced Petitioner to a concurrent nine year prison term on the charges to which he pled guilty on that same day, January 29, 2013. (*Id.*; *see also* Document 3 attached to ECF No. 9 at 1).

Petitioner then requested that the public defender file an appeal on his behalf. (Document 5 attached to ECF No. 9 at 80). The public defender then filed a timely notice of appeal on Petitioner's behalf on April 5, 2013. (*Id.* at 81). In its appellate documents, however, the public defender indicated that Petitioner sought only to appeal his sentence, and Petitioner's appeal was docketed on the Superior Court of New Jersey - Appellate Division's Excessive Sentence calendar. (*Id.* at 82). In May 2013, Petitioner sought to file an out-of-time notice of appeal raising additional claims – specifically a challenge to the trial court's finding that Petitioner had failed to show ineffective assistance of counsel. (*Id.* at 84-85). The Appellate Division clerk's office, however, rejected that second notice of appeal and returned it to Petitioner unfiled as Petitioner already had

a docketed appeal, and that any filings should be made in that matter, not through a second out of time notice to appeal. (*Id.* at 86).

Following discussions with his appellate counsel, Petitioner sent a letter to appellate counsel in September 2013, requesting that his appeal be moved from the Excessive Sentence calendar, which provided only an opportunity to argue the impropriety of Petitioner's sentence without full briefing, to a plenary appeal calendar so Petitioner's ineffective assistance claims could be heard by the Appellate Division following full briefing. (*Id.* at 87-92). Petitioner also attempted to file a *pro se* motion with the Appellate Division requesting his appeal be moved to a plenary calendar so that briefing could be conducted and so that Petitioner could amend his appeal to raise his ineffective assistance claims. (*Id.* at 93-95).

On September 25, 2013, Petitioner's appellate counsel appeared before the Appellate Division for the Excessive Sentence argument on Petitioner's appeal. (*Id.* at 96). At that argument, the following colloquy took place between Judge Fuentes of the Appellate Division and Petitioner's appellate counsel:

> JUDGE FUENTES: State v. Trainer, it must be the day for ineffective assistance of counsel in the [Excessive Sentence] calendar.
>
> [Counsel]: Yes, it is, Your Honor. . . .
>
> . . . .
>
> Where do I begin with [Petitioner]? [Petitioner] filed a pro se motion to withdraw his plea before sentencing. On September 4th I had over an hour video conference with [Petitioner] and I thought we had agreed that since that's what he filed and that's what the judge heard and decided that we should argue the appeal on that basis. The problem is that this is some sort of a hybrid proceeding.
>
> And the way I view it is that [Petitioner] in his motion to withdraw the plea used as the second factor for *Slater* [a claim of] ineffective assistance of counsel, which I have explained to him and

4

he agrees – whether he agrees or not is not the point – but that this Court is not here to decide whether there's been . . . ineffective assistance of counsel. Now yesterday in the morning's mail I got a certified letter from [Petitioner] in which he says this is not a *Slater* issue. This is ineffective assistance of counsel. Now his request, which I don't join in, is that this case should go directly from this Court to the plenary calendar and have a plenary appeal.

JUDGE FUENTES: On [post-conviction relief petition ("PCR")] he never filed?

[Counsel]: On what ought to be a PCR, but he didn't have PCR counsel. He made arguments which we normally would hear on a PCR, but nothing was briefed. So I don't know that it's in his best interest, even if this Court would agree to do that, because I don't think there's a record for the Court to decide on ineffective assistance of counsel. Now, what we do have is about a 125-page transcript of what appears to be, for all intents and purposes, an evidentiary hearing in a post-conviction relief case.

JUDGE FUENTES: You mean in the *Slater* motion?

[Counsel]: In the *Slater* motion, Judge. So that would be how they – a full hearing and heard from his former attorney. There was a public defender there who represented [Petitioner]. And the judge actually did make findings that there was no ineffective assistance of counsel in this case and then ruled that none of the *Slater* factors were met.

So this – I spoke at length with the prosecutor and I think what needs to be done in one of two ways, either that this Court decides it can't hear the appeal because it's ineffective assistance of counsel and suggests that maybe the way to go is post-conviction relief, or the Court decides the *Slater* appeal based upon the record it has, at which point the next step is for [Petitioner to file for] post-conviction relief. I think one way or the other that's where he's headed.

JUDGE FUENTES: Correct me if I'm wrong, but it seems to me that it would be beneficial to your client not to pursue this appeal because if the trial judge in the process of determining a *Slater* motion made a finding about the effectiveness of counsel he may be precluded . . . from challenging that in a PCR case. There could be some kind of estoppel . . . issue [if the Appellate Division were to review the *Slater* issue].

> [Counsel]: I have made that point to him and yet his request as of yesterday was this ought to be a plenary appeal. In the fullness of time he may be right. I don't think this is the time.

(*Id.* at 98-101). Following this colloquy, the Appellate Division affirmed Petitioner's sentence under Excessive Sentence Calendar procedures without reaching the *Slater* or ineffective assistance of counsel issues, but in so doing expressly stated that any decision on Petitioner's appeal was "without prejudice" to Petitioner's "filing an application for post-conviction relief" so that he could raise his ineffective assistance of counsel claims in the correct forming with full briefing and a full record. (*See* Document 4 attached to ECF No. 9).

Unhappy with the Appellate Division's refusal to hear his ineffective assistance claims without full briefing and a PCR record, Petitioner thereafter filed a petition for certification. (Document 9 attached to ECF No. 5 at 1-20). Essentially, Petitioner argued in his certification petition that the Appellate Division erred in refusing to transfer his appeal to a plenary hearing and that he had in any rate been denied his Due Process rights by the Appellate Division's refusal to hear his ineffective assistance claims prior to the filing and litigation of a PCR petition. (*Id.*). The New Jersey Supreme Court, without comment on Petitioner's arguments, denied Petitioner's certification petition on September 9, 2014. (Document 6 attached to ECF No. 9). Petitioner thereafter filed a motion for reconsideration, which the New Jersey Supreme Court denied without comment on December 15, 2014. (Document 7 attached to ECF No. 9). Petitioner did not seek certiorari, and instead file his present *habeas* petition in this Court on or about February 7, 2016, raising three claims of ineffective assistance of counsel arising out of counsel's failure to file three pre-trial motions. (ECF No. 1).

## II. DISCUSSION

### A. Legal Standard

Under 28 U.S.C. § 2254(a), the district court "shall entertain an application for a writ of *habeas* corpus [o]n behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." A *habeas* petitioner has the burden of establishing his entitlement to relief for each claim presented in his petition based upon the record that was before the state court. *See Eley v. Erickson*, 712 F.3d 837, 846 (3d Cir. 2013); *see also Parker v. Matthews*, --- U.S. ---, ---,132 S. Ct. 2148, 2151 (2012). Under the statute, as amended by the Anti-Terrorism and Effective Death Penalty Act, 28 U.S.C. § 2244 ("AEDPA"), district courts are required to give great deference to the determinations of the state trial and appellate courts. *See Renico v. Lett*, 559 U.S. 766, 772-73 (2010).

Where a claim has been adjudicated on the merits by the state courts, the district court shall not grant an application for a writ of *habeas corpus* unless the state court adjudication

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d)(1)-(2). Federal law is clearly established for these purposes where it is clearly expressed in "only the holdings, as opposed to the dicta" of the opinions of the United States Supreme Court. *See Woods v. Donald*, --- U.S. ---, ---, 125 S. Ct. 1372, 1376 (2015). "When reviewing state criminal convictions on collateral review, federal judges are required to afford state courts due respect by overturning their decisions only when there could be no reasonable dispute

that they were wrong." *Id.* Where a petitioner challenges an allegedly erroneous factual determination of the state courts, "a determination of a factual issue made by a State court shall be presumed to be correct [and the] applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1).

**B. Analysis**

Respondents argue that Petitioner's *habeas* petition must be dismissed as his claims have not been fully exhausted in the state courts. Pursuant to 28 U.S.C. § 2254(b)(1), *habeas* relief may not be granted to an individual confined pursuant to an order of the state courts unless the petitioner has "exhausted the remedies available in the courts of the State," there is an absence of process in the state courts, or there are circumstances which render the state process ineffective. A petitioner generally satisfies this exhaustion requirement by fairly presenting his claims to the highest level of the state courts. *See Picard v. Connor*, 404 U.S. 270, 275 (1971); *Tinsley v. Johnson*, No. 10-3365, 2011 WL 5869605, at *3 (D.N.J. Nov. 22, 2011). Where the state appellate courts have not yet ruled on a petitioner's claims, *see Castille v. Peoples*, 489 U.S. 346, 350 (1989), and "any available procedure remains for the [petitioner] to raise the question presented in the courts of the state, the applicant has not exhausted the available remedies." *Tinsley*, 2011 WL 5869605 at *3; *see also* 28 U.S.C. § 2254(c). A New Jersey state prisoner can therefore satisfy the exhaustion requirement only by fairly presenting his claims to the Superior Court of New Jersey, Law and Appellate Divisions, and to the New Jersey Supreme Court." *Ragland v. Barnes*, No. 14-7924, 2015 WL 1035428, at *1-3 (D.N.J. March 10, 2015). It is likewise not sufficient that a petitioner has merely "been through the state courts," a claim will only be said to have been fairly presented, and thus properly exhausted, where the state courts had the "opportunity to hear the claim sought

be vindicated." *Picard*, 404 U.S. at 276. A claim is not "fairly presented" sufficient to satisfy the exhaustion requirement where some available process remains and the claim was only presented to the state appellate courts "in a procedural context in which its merits will not be considered." *Castille*, 489 U.S. at 351.

In this matter, Petitioner presents three ineffective assistance of counsel claims which he appears to have raised in the state trial court, albeit in the form of bases for the withdrawal of his guilty plea pursuant to *Slater* rather than as separate, stand-alone claims. Even assuming *arguendo* that this was sufficient to satisfy trial level exhaustion, Petitioner's claims were never fairly presented to the Appellate Division or New Jersey Supreme Court. This is apparent from the Appellate Division record. Both Petitioner's notice of appeal and other court documents filed by his appellate counsel indicated that Petitioner sought in his appeal only to challenge his sentence, resulting in his claims being placed on an excessive sentence oral argument only calendar date by the Appellate Division. It was only shortly before that argument date that Petitioner sought to add his ineffective assistance claims to his appeal by moving the Appellate Division to transfer his appeal to a plenary calendar, a motion in which his appellate counsel did not join. Both the Appellate Division judges and Petitioner's own appellate counsel expressly stated during the colloquy quoted above that it would be better for the Appellate Division to deny that motion and decline to hear Petitioner's ineffective assistance claims because those claims would be more properly brought through a petition for post-conviction relief. Likewise, when Petitioner challenged the Appellate Division's decision to decline to hear Petitioner's claims prior to a PCR petition being filed, the New Jersey Supreme Court rejected that challenge by denying certification and rejecting Petitioner's reconsideration motion. It is thus clear that, at best, Petitioner attempted to present his claims to the state appellate courts "in a procedural context in which [their] merits

9

[would] not be considered" as those claims should have been brought via a PCR petition and an appeal therefrom, and as such he failed to fairly present his claims to all three levels of the state courts. *Castille*, 489 U.S. at 351. Likewise, some state court procedure remains available to Petitioner – the filing and pursuit of a PCR petition. As some procedure remains available, and the state appellate courts have yet to rule on the merits of Petitioner's claims, Petitioner's claims are all unexhausted.

Because this Court has determined that Petitioner's claims are unexhausted, this Court is faced with four options: "(1) dismiss the petition without prejudice; (2) stay the proceedings and hold them in abeyance until the claims are exhausted; (3) allow [Petitioner] to delete his unexhausted claims [and proceed on any exhausted claims presented in the petition]; and (4) deny the petition if [the District Court] found all of [Petitioner's] unexhausted claims to be meritless under § 2254(b)(2)." *Mallory v. Bickell*, 563 F. App'x 212, 215 (3d Cir. 2014) (citing *Rhines v. Weber*, 544 U.S. 269, 274-78 (2005)). Because the Court cannot conclusively determine the merits of Petitioner's claims on the limited record available in light of the procedure through which Petitioner's claims were originally raised, and because none of Petitioner's claims are exhausted, this Court can neither permit Petitioner to stand on his exhausted claims –as he has none – and cannot reach the merits of his claims at this time. Thus, the Court has only two options –dismiss the petition without prejudice as unexhausted or permit Petitioner to request that this matter be stayed and held in abeyance until such time as he exhausts his claims through the filing of a PCR petition in the state courts. *Id.*

A district court may only grant a stay of an unexhausted or mixed petition in "limited circumstances." *Rhines*, 544 U.S. at 277. Specifically, the petitioner must have "good cause for his failure to exhaust, his unexhausted claims [must be] potentially meritorious, and there [can be]

no indication that the petitioner engaged in intentionally dilatory litigation tactics." *Id.* at 278. Even where these requirements are met, a stay will generally only be warranted in those cases where a dismissal of the petition without prejudice would result in the petitioner being unable to timely file his *habeas* petition. *See Crews v. Horn*, 360 F.3d 146, 152 (3d Cir. 2004) ("where an outright dismissal could jeopardize the timeliness of a collateral attack" a stay is appropriate); *Williams v. Walsh*, 411 F. App'x 459, 461 (3d Cir. 2011) ("[w]here the timeliness of a *habeas* corpus petition is at issue . . . a District Court has discretion to stay" the petition); *Ragland*, 2015 WL 1035428 at *2.

Because any future *habeas* petition filed by Petitioner were the Court to dismiss his current petition would likely be time barred, a stay of this matter may be warranted. As Petitioner has not, despite having the opportunity to do so, sought a stay of his current *habeas* petition, this Court is inclined to dismiss this matter without prejudice. As Petitioner may not have been aware of the potential availability of the stay and abeyance procedure, however, this Court will permit Petitioner, within forty-five days, to file a request for a stay. Failure by Petitioner to file a request for a stay within that thirty days, however, will result in this matter being dismissed.

## III. CERTIFICATE OF APPEALABILITY

Pursuant to 28 U.S.C. §2253(c), a petitioner may not appeal from a final order in a *habeas* proceeding where that petitioner's detention arises out of his state court conviction unless he has "made a substantial showing of the denial of a constitutional right." "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude that the issues presented here are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003).

"When the district court denies a *habeas* petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Because jurists of reason could not disagree with this Court's conclusion that Petitioner's claims are unexhausted, Petitioner is denied a certificate of appealability to the extent he may seek to challenge this Court's determination that his claims are unexhausted rather than request a stay.

## IV. CONCLUSION

For the reasons stated above, this Court finds that Petitioner's claims are unexhausted. Petitioner is therefore ORDERED that he shall present any request he may have for a stay of this matter pending exhaustion within forty-five days, failure by Petitioner to make a request for a stay shall result in this matter being DISMISED WITHOUT PREJUDICE. In any event, Petitioner is DENIED a certificate of appealability to the extent he wishes to challenge the Court's determination that his claims are unexhausted. An appropriate order follows.

JOSE L. LINARES,
Chief Judge, United States District Court