# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| STEVEN TRAINER, | Civil Action No.: 16-1576 (JLL) |
| Petitioner, | |
| v. | **MEMORANDUM OPINION** |
| PATRICK NOGAN, et al., | |
| Respondents. | |

IT APPEARING THAT:

1. On or about March 21, 2016, Petitioner, Steven Trainer, filed his petition for a writ of *habeas corpus*. (ECF No. 1).

2. Following briefing, this Court entered an Order and Opinion dated October 19, 2017, which determined that Petitioner's *habeas* petition was not properly exhausted in the state courts, and was subject to dismissal as a result. (ECF Nos. 17-18). This Court gave Petitioner forty-five days, however, to request a stay if he so desired, and informed Petitioner that his petition would be dismissed without prejudice in the event he did not request a stay. (ECF No. 18).

3. Approximately twenty-nine days later, Petitioner submitted to this Court a letter request for an extension of time within which to file a notice of appeal as to the Court's October 19, 2017 decision. (ECF No. 19). This Court granted that request by way of an Order issued on November 30, 2017, which gave Petitioner until December 18, 2017, to file a notice of appeal as to the Court's Order and Opinion finding Petitioner's *habeas* petition unexhausted.

4. On December 4, 2017, Petitioner filed a second request for an extension of time within which to file an appeal which had been mailed prior to the Court's granting of Petitioner's previous

extension motion. (ECF No. 21). Because that request was effectively identical to Petitioner's first extension request, and because this Court had already granted that request, this Court terminated that motion. (*See generally* ECF Docket Sheet).

5. On December 8, 2017, however, Petitioner filed an additional letter requesting a stay, and noting that the Court had given him an opportunity to request a stay of this matter pending exhaustion through a post-conviction relief petition in the state courts within forty-five days of the date of the Order and Opinion finding his petition unexhausted. (*Id.*). Although Petitioner requests a stay in his letter, he does not argue or otherwise support his request for a stay pending exhaustion. (*Id.*).

6. As this Court previously explained to Petitioner,

> [a] district court may only grant a stay of an unexhausted or mixed petition in "limited circumstances." *Rhines*[ *v. Weber*], 544 U.S. [269,] 277 [(2005)]. Specifically, the petitioner must have "good cause for his failure to exhaust, his unexhausted claims [must be] potentially meritorious, and there [can be] no indication that the petitioner engaged in intentionally dilatory litigation tactics." *Id.* at 278. Even where these requirements are met, a stay will generally only be warranted in those cases where a dismissal of the petition without prejudice would result in the petitioner being unable to timely file his habeas petition. *See Crews v. Horn*, 360 F.3d 146, 152 (3d Cir. 2004) ("where an outright dismissal could jeopardize the timeliness of a collateral attack" a stay is appropriate); *Williams v. Walsh*, 411 F. App'x 459, 461 (3d Cir. 2011) ("[w]here the timeliness of a habeas corpus petition is at issue . . . a District Court has discretion to stay" the petition); *Ragland*, 2015 WL 1035428 at *2.

(ECF No. 17 at 10-11).

7. Even if this Court were to assume that Petitioner's claims are potentially meritorious and that Petitioner has not been dilatory, Petitioner has, both in his petition and in his letter, provided the Court with no good cause for his failure to exhaust other than his own mistaken belief that his claims were, in fact, exhausted when he attempted to raise them in the Appellate Division.

As this Court has explained to Petitioner (*see* ECF No. 17 at 9-10), however, raising claims in an appellate court "in a procedural context in which [their] merits [would] not be considered" does not exhaust a petitioner's claims as those claims were not fairly presented to the state courts. *Castille v. Peoples*, 489 U.S. 346, 350-51 (1989).

8. Thus, the only reason presented in the record for Petitioner's failure to exhaust his claims in the state courts was his mistaken belief that he had exhausted or was not required to exhaust his claims despite the fact that the Appellate Division refused to hear his ineffective assistance related claims and informed him, both via the colloquy on appeal and in the Order affirming his sentence, that he could address those claims through "filing an application for post-conviction relief." (*See* ECF No. 17 at 5-6, Document 4 attached to ECF No. 9). The Third Circuit has explicitly held, however, that a Petitioner cannot show good cause for his failure to exhaust where the Appellate Division told the petitioner "explicitly that the dismissal of his . . . claims [on appeal] was without prejudice, and that he could pursue his constitutional claims in an application for post-conviction relief." *Ellison v. Rogers*, 484 F.3d 658, 662 (3d Cir. 2007). Petitioner's claims thus mirror those in *Ellison* almost exactly – he attempted to pursue ineffective assistance claims on direct appeal, was not permitted to do so, and was told he could raise those claims via a post-conviction relief petition. Under those circumstances, a Petitioner who refuses that invitation and instead insists on proceeding to file a federal *habeas* petition has neither exhausted his claims, nor shown good cause for his failure to exhaust. *Id.* at 660-62. Because Petitioner has failed to show good cause for his failure to exhaust, his request for a stay must be denied. *Id.*

9. Pursuant to 28 U.S.C. §2253(c), a petitioner may not appeal from a final order in a *habeas* proceeding where that petitioner's detention arises out of his state court conviction unless he has "made a substantial showing of the denial of a constitutional right." "A petitioner satisfies

this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude that the issues presented here are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). "When the district court denies a *habeas* petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a [certificate of appealability] should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Because jurists of reason could not disagree with this Court's conclusion that Petitioner's claims are unexhausted, and because jurists of reason could not dispute that Petitioner has failed to show good cause entitling him to a stay pending exhaustion, jurists of reason would not debate whether this Court was correct in finding his petition unexhausted and concluding it must therefore be dismissed without prejudice. Petitioner is therefore once again denied a certificate of appealability.

10. In conclusion, Petitioner's request for a stay pending exhaustion is DENIED, Petitioner is DENIED a certificate of appealability, and this matter shall be DISMISSED WITHOUT PREJUDICE as unexhausted. An appropriate order follows.

_____
JOSÉ L. LINARES
Chief Judge, United States District Court